UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Matthew C. Poulin,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>Keith Bush, *individually, as a police officer for the City of North Port, Florida*, Chad Walker, *individually, as a police officer for the City of North Port, Florida*, Matthew Lagarce, *individually, as a police officer for the City of North Port, Florida*, John Mike Hetteberg, *individually, as a police officer for the City of North Port, Florida*, Stephen Cambria, *individually, as a police officer for the City of North Port, Florida*, John Contorno, *individually, as a police officer for the City of North Port, Florida*, and the City of North Port, a municipal corporation of the State of Florida,<br><br>          Defendant(s). | Case No. |

## Complaint

Plaintiff, Matthew C. Poulin, brings this civil action against Defendants, Keith Bush, individually, as a police officer for the City of North Port, Florida, Chad Walker, individually, as a police officer for the City of North Port, Florida, Matthew Lagarce, individually,

as a police officer for the City of North Port, Florida, John Mike Hetteberg, individually, as a police officer for the City of North Port, Florida, Stephen Cambria, individually, as a police officer for the City of North Port, Florida, John Contorno, individually, as a police officer for the City of North Port, Florida, and the City of North Port, a municipal corporation of the State of Florida, and alleges that Defendants violated Plaintiff's rights and injured Plaintiff. Plaintiff alleges the following:

## 1. Common Allegations of Fact

### 1.1. Introduction, Jurisdiction, and Venue

1. This is an action for damages and attorney's fees arising under 42 U.S.C. §§ 1983 and 1988.

2. This action alleges violations of the United States Constitution, including violations of the Fourth and Fourteenth Amendments.

3. This action also alleges violations of state law.

4. This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and 28 U.S.C. §§ 1331, *et. seq*.

5. Venue is proper pursuant to 28 U.S.C. § 1391 and M.D. Fla. Loc. R. 1.04(a).

6. The acts, omissions, and practices described in this complaint occurred within the jurisdiction of the United States District Court in and for the Middle District of Florida.

[2]

7.    Plaintiff, seeks an award of compensatory damages, costs and expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is as alleged pursuant to 42 U.S.C. § 1988. Plaintiff also seeks an award of punitive damages against Defendants for their reckless and/or callous indifference to the clearly established constitutional rights of Plaintiff.

8.    At all times material hereto, the acts, omissions, practices and the other conduct of Defendants were committed under the color of state or local law.

9.    At all times material hereto, the acts and omissions of Defendants were committed within the course and scope of their employment as North Port Police Department Officers.

10.   The jurisdiction of this Court for all state law claims is pursuant to 28 U.S.C. § 1367. State law claims are brought under Florida Statute § 768.28.

11.   Plaintiff has complied with any and all conditions precedent necessary to bring this action.

**1.2.   Parties**

12.   At all times material hereto, Plaintiff Matthew C. Poulin, (hereinafter "Plaintiff") was a resident of North Port and a citizen of the State of Florida.

13.   At all times material hereto, Defendant Keith Bush (hereinafter "Bush") was a law enforcement officer employed by

[3]

North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

14.    At all times material hereto, Defendant Chad Walker (hereinafter "Walker") was a law enforcement officer employed by North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

15.    At all times material hereto, Defendant Matthew Lagarce (hereinafter "Lagarce") was a law enforcement officer employed by North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

16.    At all times material hereto, Defendant John Mike Hetteberg (hereinafter "Hetteberg") was a law enforcement officer employed by North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

17.    At all times material hereto, Defendant Stephen Cambria (hereinafter "Cambria") was a law enforcement officer employed by North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

18.    At all times material hereto, Defendant John Contorno (hereinafter "Contorno") was a law enforcement officer employed by North Port Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

19.    Defendant, City of North Port, Florida, a municipal corporation of the State of Florida, ("North Port") was a municipality and is considered a "person" subject to suit under 42 U.S.C. § 1983.

[4]

### 1.3.   Background Facts

1.    On October 15, 2017, Plaintiff, Matthew C. Poulin, was at his home located at 2170 Brancusi Ave., North Port, FL 34288.

2.    Plaintiff's neighbor called 911 when Plaintiff came into her home and drank water out of her fridge without permission due to his state of intoxication though these neighbors often entered each other's homes frequently.

3.    Plaintiff left his neighbor's house and went back to his property.

4.    Defendant Bush and Defendant Walker made contact with Plaintiff in the street in front of Plaintiff's home.

5.    Defendant Bush spoke with Plaintiff's wife who said she did not know what was going on.

6.    Defendant Walker advised Plaintiff he was being detained.

7.    Plaintiff walked away from officers as he stumbled aimlessly through his yard.

8.    As Plaintiff stumbled away, Defendant Walker (as seen on video) leaps at Plaintiff with his fist raised, while Plaintiff is facing away from Defendant, strikes him and tackles him**. Ex. A, In-car Videos**.

9.    Defendants' official reports are false as they state Plaintiff shoved Defendant Walker. The In-Car Video Recordings show that Plaintiff did not shove Defendant Walker, and Defendant Walker knocked Plaintiff to the ground when his back was to Defendant Walker. **Ex. A, In-car videos.**

[5]

10.    After being knocked to the ground by Defendant Walker, the videos show Plaintiff lying in the grass, not moving, and not resisting. **Ex. B, Poulin Home Surveillance Footage**.

11.    Defendant Walker and Bush both had ample time and opportunity with a non-threatening and non-resisting Mr. Poulin to take him peacefully into custody, but they made a knowing and willful choice not to in order to allow a vicious attack on Mr. Poulin by a K9 and several officers. **Ex. B, Poulin Home Surveillance Footage**.

12.    Several other officers began to arrive as backup and all are casually walking around the passive and non-resistant Plaintiff as they surround him as he lies there. **Ex. A and Ex. B.**

13.    Meanwhile, with the explicit direction, plan, and encouragement of Defendant Keith Bush, Defendant Walker commanded his K-9, Dutch, to bite Plaintiff.

14.    Defendant Walker pulled Plaintiff into a prone position so Defendant Bush could handcuff his left free arm while Dutch bit Plaintiff's right arm. **Ex. A and Ex. B.**

15.    Defendant Walker commanded Dutch to bite Plaintiff's right arm a second time. **Ex. A and Ex. B.**

16.    Defendant Walker commanded Dutch to bite Plaintiff's right arm a third time. **Ex. A and Ex. B.**

17.    Throughout this, Defendants punched and tased Plaintiff repeatedly. **Ex. A and Ex. B.**

[6]

18.   While Plaintiff was subdued, Defendants proceeded to tase Plaintiff 30 times in his back, hamstring, right and left shoulders, and buttocks. According to the taser report, one of the stuns was left on for 119 seconds, far beyond the typical 5-second cycle. **Ex. A and Ex. B.**

19.   The In-Car Video Recordings and home surveillance footage shows Plaintiff lying on the ground next to a trailer in the street, surrounded by six officers, being beaten, tased, and bit by Dutch for a period of several minutes. **Ex. A and Ex. B.**

20.   Plaintiff was transported via ambulance to the North Port Emergency Room for treatment of his injuries.

21.   Defendants took photos of his injuries after they had been cleaned up by the hospital. **Ex. C., photos of dog bites**.

22.   Plaintiff was in the hospital for 16 days and finally recovered with a chunk permanently missing from his right forearm.

23.   Defendant Keith Bush had a pattern of repeated excessive force before the attack on Plaintiff and has been sued for civil rights violations multiple times while an officer for North Port Police Department in his role as a K9 officer.

24.   Despite this pattern of repeat violence, Officer Keith Bush had been promoted in the North Point Police Department.

25.   The City of North Port knew a pattern and practice of excessive force and bites by its K-9 units and other officers before the attack on Plaintiff.

[7]

26.  The City of North Port routinely fails to train, supervise, and control its officers, its K-9 division, fails to reprimand and discipline officers, fails to review or provide adequate oversight of its officers and its K-9 division, and fails to take actions against officers who use excessive force.

27.  Instead, the City of North Port condones and supports the actions of its officers and its K-9 division and its officers leading to a culture of impunity among the K-9 division of the City of North Port.

28.  The City of North Port failed to discipline Defendants Bush and Walker for their vicious attack on Plaintiff.

29.  The City of North Port's failures to enact or enforce policies to prevent the violation of citizen's constitutional rights, including Plaintiff, amount to a deliberate indifference to the violation of citizens' constitutional rights.

30.  Defendant, City of North Port, knew of the unconstitutional culture, customs, and practices of its K-9 division, and failed to act.

31.  Defendant, City of North Port, Florida, was responsible for the administration, operation, and supervision of the City of North Port Police and its officers, and for the promulgation, enforcement, and review of rules, regulations, policies, customs, and practices relevant thereto, and was acting under color of state law.

32.  Defendant, City of North Port, Florida, operated, maintained, and controlled the City of North Port Police.

33.  Defendant, City of North Port, Florida, was under a nondelegable duty to promulgate policies, practices, procedures,

and/or customs to ensure that excessive force was not used against citizens.

34.  Defendant, City of North Port, Florida, was under a nondelegable duty to provide adequate, necessary, and reasonable training to officers.

35.  Defendant, City of North Port, Florida, was under a nondelegable duty to provide adequate, necessary, and reasonable supervision of its officers.

36.  Defendant, City of North Port, Florida, was under a nondelegable duty to provide adequate, necessary, and reasonable retention of its officers.

37.  Defendant, City of North Port, Florida, was the final policymaker for its police department.

38.  Defendant, City of North Port, Florida, has failed to institute customs, policies, and practices, sufficient to protect the constitutional rights of citizens.

39.  Defendant, City of North Port, Florida, has customs and practices in place which violate the constitutional rights of citizens, including, Plaintiff.

40.  Defendant City of North Port, Florida's customs and practices cause and allow the use of excessive force against citizens in violation of the Fourth Amendment.

41.  Defendant City of North Port, Florida's customs and practices fail to provide the oversight over law enforcement officers to prevent, punish, and deter violations of the constitutional rights of citizens.

[9]

42.   Defendant City of North Port, Florida's customs and practices instead encourage violations of the constitutional rights of citizens by the creation of a culture of impunity.

43.   The culture, customs, and practices of Defendant City of North Port, Florida provide an environment in which officers do not fear punishment for their actions when using excessive force and for failing to provide all facts of an encounter in an unbiased and neutral manner.

44.   The culture, customs, and practices of City of North Port's training programs focuses disproportionately on violence and force, while failing to ensure officers are appropriately trained and aware of alternative measures to defuse encounters with citizens in a non-violent manner.

45.   The culture, customs, and practices of City of North Port fails to adequately train officers on the law which they enforce. This includes, but is not limited to, failing to adequately train officers what constitutes reasonable uses of force.

46.   The culture, customs, and practices of the City of North Port's police department fails to ensure officers comply with the requirements they know and follow the law.

[10]

## 2. Claims

### 2.1.   Individual Capacity Claims under 42 U.S.C. § 1983

### Count 1 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Keith Bush

47.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

48.   At all times material hereto, Defendant was acting under color of state or local law.

49.   At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

50.   Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

51.   No force at all was authorized or necessary to be used against Plaintiff.

52.   Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

53.   Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

54.   By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the

[11]

circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

55.   As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

### Count 2 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Chad Walker

56.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

57.   At all times material hereto, Defendant was acting under color of state or local law.

58.   At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

59.   Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

60.   No force at all was authorized or necessary to be used against Plaintiff.

[12]

61.   Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

62.   Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

63.   By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

64.   As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## Count 3 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Matthew Lagarce

1.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.   At all times material hereto, Defendant was acting under color of state or local law.

3.   At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the

[13]

circumstances, for proper and efficient arrest, supervision, and control of such persons.

4.    Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

5.    No force at all was authorized or necessary to be used against Plaintiff.

6.    Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

7.    Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

8.    By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

9.    As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[14]

### Count 4 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant John Mike Hetteberg

1.  Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.  At all times material hereto, Defendant was acting under color of state or local law.

3.  At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

4.  Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

5.  No force at all was authorized or necessary to be used against Plaintiff.

6.  Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

7.  Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

8.  By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

[15]

9.    As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## Count 5 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Stephen Cambria

1.    Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.    At all times material hereto, Defendant was acting under color of state or local law.

3.    At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

4.    Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

5.    No force at all was authorized or necessary to be used against Plaintiff.

6.    Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

[16]

7.    Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

8.    By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

9.    As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## Count 6 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant John Contorno

1.    Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.    At all times material hereto, Defendant was acting under color of state or local law.

3.    At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

[17]

4.    Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

5.    No force at all was authorized or necessary to be used against Plaintiff.

6.    Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

7.    Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

8.    By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

9.    As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## Count 7 – Violation of 42 U.S.C. § 1983 –
## 4th Amendment – Failure to Intervene
## by Defendant Keith Bush

10.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

11.   At all times material hereto, Defendant was acting under color of state or local law.

12.   To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

13.   Defendant witnessed the violations taking place.

14.   Defendant had the means and opportunity to intervene to stop the violations from taking place.

15.   Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

16.   Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

17.   As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[19]

## Count 8 – Violation of 42 U.S.C. § 1983 –
## 4th Amendment – Failure to Intervene
## by Defendant Chad Walker

18.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

19.   At all times material hereto, Defendant was acting under color of state or local law.

20.   To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

21.   Defendant witnessed the violations taking place.

22.   Defendant had the means and opportunity to intervene to stop the violations from taking place.

23.   Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

24.   Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

25.   As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[20]

## Count 9 – Violation of 42 U.S.C. § 1983 –
## 4th Amendment – Failure to Intervene
## by Defendant Matthew Lagarce

1.     Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.     At all times material hereto, Defendant was acting under color of state or local law.

3.     To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

4.     Defendant witnessed the violations taking place.

5.     Defendant had the means and opportunity to intervene to stop the violations from taking place.

6.     Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

7.     Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

8.     As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[21]

## Count 10 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Failure to Intervene by Defendant John Mike Hetteberg

1.    Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.    At all times material hereto, Defendant was acting under color of state or local law.

3.    To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

4.    Defendant witnessed the violations taking place.

5.    Defendant had the means and opportunity to intervene to stop the violations from taking place.

6.    Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

7.    Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

8.    As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[22]

## Count 11 – Violation of 42 U.S.C. § 1983 –
## 4th Amendment – Failure to Intervene
## by Defendant Stephen Cambria

1.     Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.     At all times material hereto, Defendant was acting under color of state or local law.

3.     To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

4.     Defendant witnessed the violations taking place.

5.     Defendant had the means and opportunity to intervene to stop the violations from taking place.

6.     Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

7.     Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

8.     As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[23]

### Count 12 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Failure to Intervene by Defendant John Contorno

1.    Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

2.    At all times material hereto, Defendant was acting under color of state or local law.

3.    To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

4.    Defendant witnessed the violations taking place.

5.    Defendant had the means and opportunity to intervene to stop the violations from taking place.

6.    Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

7.    Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

8.    As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[24]

## 2.2.   Official Capacity Claims under 42 U.S.C. § 1983

### Count 13 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant City of North Port, Florida – Official Custom, Policy, and Practice

9.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

10.   At all times material hereto, Defendant was acting under color of state or local law.

11.   At all times material hereto, Defendant had a legal duty to ensure that the customs, policies, and practices in place required Defendants to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of a person.

12.   Defendant did not have customs, policies, and practices in place to prevent the use of excessive force against Plaintiff.

13.   The failure of Defendant to have adequate customs, policies, and practices in place led to and caused the use of excessive force against Plaintiff.

14.   In the alternative, the customs, practices, and policies that were put in place by Defendant, led to and caused the use of excessive force against Plaintiff.

15.   Defendant's prior knowledge of the violent propensities of its officers, specifically, Keith Bush, and the K-9 division of the North Port Police Department via its find-to-bite ratio and prior complaints

[25]

received by the city, placed Defendant on notice that such attacks as the one involving Plaintiff, were likely and certain to occur.

16.   Specifically, Defendant knew that Keith Bush and other K9 officers has had at least four previous federal lawsuits brought against him for excessive force.

17.   Defendant did not try to correct the violent propensities of its officers, specifically including Keith Bush and its K-9 unit, despite its documented history, and Defendant North Port acted with deliberate indifference to the rights of Plaintiff and all citizens of the City of North Port.

18.   By its actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

19.   As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## 2.3.   State Law Claims

### Count 14 – State Law Official Capacity Claim – Battery by Defendant City of North Port, Florida

20.   Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

21.   At all times material hereto, Defendants were acting within the course and scope of their employment with Defendant, City of North Port, Florida, when they committed the acts alleged against them.

22.   In accordance with Fla. Stat. § 768.28, this claim is brought against Defendant, City of North Port, Florida, in its official capacity, for the tortious acts of its employees.

23.   Defendant's employees did intentionally and offensively make affirmative physical acts which they intended to cause and which did cause an unpermitted physical contact against Plaintiff's body.

24.   Defendant's employees did physically and harmfully attack and injure Plaintiff as a result of the unpermitted physical contact with Plaintiff.

25.   As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation,

[27]

inconvenience, loss of capacity to enjoy life, and loss of normal body function.

### Count 15 – State Law Official Capacity Claim – Negligent Hiring, Training, Retention, and Supervision by Defendant City of North Port, Florida

26.  Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

27.  Plaintiff brings this count in the alternative.

28.  Defendant, City of North Port, Florida, was responsible for the hiring, training, retention and supervision of the other defendants.

29.  The other Defendants to this action were incompetent in the performance of their respective jobs and responsibilities within the course and scope of their employment and acted negligently with the performance of their jobs and responsibilities.

30.  Defendant, City of North Port, Florida, knew or reasonably should have known of the incompetence, negligence, and/or negligent dispositions of the individual Defendants.

31.  Defendant, City of North Port, Florida, knew or should have known of facts that would have led a reasonably prudent law enforcement agency to further investigate the other Defendants' qualifications for employment, competence, training, and performance of their duties.

32.  Defendant, City of North Port, Florida, knew or should have known of facts that would have led a reasonably prudent law

enforcement agency to further investigate the other Defendants' negligent dispositions through the hiring process, during their training, and over the course of supervising them as employees.

33.   Defendant, City of North Port, Florida, knew or should have known that the incompetence and negligent dispositions of the other Defendants would likely lead to and was, in fact, substantially certain to lead to injuries to citizens, such as the injuries suffered by Plaintiff.

34.   Defendant, City of North Port, Florida, knew or reasonably should have known that his failure or refusal to properly hire, retain, train, and supervise the other Defendants was likely to lead to and was, in fact, substantially certain to lead to injuries to citizens, such as the injuries suffered by Plaintiff.

35.   Defendant, City of North Port, Florida, was negligent in hiring, training, retaining, and supervising the other Defendants.

36.   As a direct and proximate result of this negligence, Defendant injured Plaintiff.

37.   As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

[29]

## Count 16 – State Law Official Capacity Claim –
## Negligence by Defendant City of North Port, Florida

38.  Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

39.  This count is brought in the alternative to the other counts.

40.  At all times material hereto, Defendants were acting within the course and scope of their employment with Defendant, City of North Port, Florida, when they committed the acts alleged against them.

41.  In accordance with Fla. Stat. § 768.28, this claim is brought against Defendant, City of North Port, Florida, in its official capacity, for the tortious acts of its employees.

42.  Defendants owed a duty to Plaintiff to only use as much force as is reasonable in effecting a legal arrest.

43.  Defendants breached their duty to use only reasonable force in making an arrest of Plaintiff, when they used force which was unnecessary and unreasonable under the circumstances.

44.  Because of Defendants' breach of their duty owed to Plaintiff, Plaintiff was physically and mentally injured by Defendants use of force in arresting Plaintiff.

45.  Defendants' actions were negligent.

46.  As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of

[30]

criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## 3. Relief

### 3.1.   Relief for Federal Claims

Plaintiff seeks the following relief for each claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A. Judgment for compensatory damages against Defendants;

B. Judgment for punitive damages against Defendants;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses and prejudgment interest on attorney's fees for delay in payment;

E. Judgment for damages for physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function;

F. A trial by jury on all issues so triable; and

[31]

G. Such other and further relief as this Court may deem just, proper, and appropriate.

### 3.2. Relief for State Claims

Plaintiff seeks the following relief for each claim brought pursuant to Florida state law:

H. Judgment for compensatory damages against Defendants;

I. Judgment for pre-judgment interest on all economic losses and prejudgment interest on attorney's fees for delay in payment;

J. Judgment for damages for physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function;

K. A trial by jury on all issues so triable; and

L. Such other and further relief as this Court may deem just, proper, and appropriate.

Submitted on June 23, 2021.

/s/J. Alistair McKenzie
J. Alistair McKenzie, Esq.
Florida Bar Number: 91849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, FL  32503-3931
Telephone:  (850) 432-2856
Facsimile:  (850) 202-2012
Email:
amckenzie@mckenzielawfirm.com
Attorneys for Plaintiff

[33]