UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW C. POULIN,

      Plaintiff,

v.                                                                Case No. 8:21-cv-1516-KKM-AEP

KEITH BUSH et al.,

      Defendant.

_____/

**<u>ORDER</u>**

This cause comes before the Court upon Defendants' Unopposed Motion for Leave to take Plaintiff's Deposition (Doc. 48), who is currently confined by the Florida Department of Corrections at Sumter Correctional Institution. Pursuant to Rule 30, Federal Rules of Civil Procedure, a party must obtain leave of court, and a court must grant leave to the extent such request is consistent with Rule 26(b)(1) and (2), when a deponent is confined in prison. Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(1) provides that parties can obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Rule 26(b)(2) permits courts to limit the frequency or extent of discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery falls

outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). As a result, courts should permit the deposition of an incarcerated individual unless an objecting party can demonstrate that the deposition is not relevant or proportional to the needs of the case or that the deposition fits into one of the enumerated categories under Rule 26(b)(2). *See Truitt v. Byrd*, No. 3:07-cv-204-J-32MCR, 2007 WL 2915598, at *1 (M.D. Fla. Oct. 4, 2007) (citation omitted); *see also* Fed. R. Civ. P. 30 advisory committee's note to 2015 amendment ("Rule 30 is amended in parallel with Rules 31 and 33 to reflect the recognition of proportionality in Rule 26(b)(1)."). Here, the motion is unopposed.

Accordingly, it is hereby

ORDERED:

1.      Defendants' Unopposed Motion for Leave to take Plaintiff's Deposition (Doc. 48) is GRANTED.

2.      The Sumter Correctional Institution must produce Plaintiff in a place where he is accessible to attorneys and exhibits such as videos, pictures, and documentary evidence on February 18, 2022, beginning at 10:00 a.m. until such time as the deposition is concluded. Counsel may use a computer to show videos to Plaintiff.

3.      The Sumter Correctional Institution must allow all Defense counsel, a court reporter, a representative from the City of North Port, and Plaintiff's counsel to participate in the deposition.

4.      Defendants' counsel is instructed to notify the appropriate official at the Sumter Correctional Institution of this Order within five days.

5.      If the Florida Department of Corrections objects to any directives in this Order, it may file an objection with the Court within 7 days of receipt of the Order.

DONE AND ORDERED in Tampa, Florida, on this 10th day of January, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:      Counsel of Record

3