UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW C. POULIN,
    Plaintiff,

v.                              CASE NO. 8:21-CV-1516-KKM-AEP

KEITH BUSH, *individually, as a police officer for the City of North Port, Florida;*
CHAD WALKER, *individually as a police officer for the City of North Port, Florida;*
MATTHEW LAGARCE, *individually, as a police officer for the City of North Port, Florida;*
JOHN MIKE HETTEBERG, *individually, as a police officer for the City of North Port, Florida;*
STEPHEN CAMBRIA, *individually, as a police officer for the City of North Port, Florida;*
JOHN CONTORNO, *individually, as a police officer for The City of North Port, Florida;* **and**
CITY OF NORTH PORT, a municipal corporation of the State of Florida,
    Defendants.
_____/

**DEFENDANT CITY OF NORTH PORT'S MOTION ON ENTITLEMENT TO ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CITY OF NORTH PORT ("City"), through its undersigned counsel, pursuant to 42 U.S.C. § 1988(b), Federal Rules of Civil Procedure, Rule 54(d)(2) and Middle District of Florida, Local Rule 7.01, files its Motion on Entitlement to Attorneys' Fees and Incorporated Memorandum of Law. In support, the City states the following:

1

## MOTION ON ENTITLEMENT TO ATTORNEYS' FEES

### I.  INTRODUCTION AND SUMMARY OF ARGUMENT

This case arises from the lawful arrest of Matthew Poulin ("Plaintiff") by City of North Port police officers on October 15, 2017.  The Amended Complaint [Doc. 30] alleged a violation of 42 U.S.C. §1983 claim against the City, alleging the City failed to have customs and practices in place to prevent the use of excessive force or that the customs and practices put in place by the City led to and caused the use of excessive force against Plaintiff [Doc 30, Count 13].  Specifically, Plaintiff alleged the City had knowledge of violent propensities of Officer Bush and took no action against him.

The City moved for summary judgment, arguing that even if the Court were to find a deprivation of Plaintiff's Constitutional rights, such violation did not occur because of any policy or custom of the City that constituted deliberate indifference to that Constitutional right [Doc 61, p.3].  At the time of the incident, the City had in place specific policies regarding appropriate use of force and officers were regularly trained on use of force.  The City had implemented a review procedure regarding every use of force.  The City had hired an inspector specifically to review every use of force within the Department.  The City had also employed an outside expert to review its procedures and training, as well as to review use of force cases.  Plaintiff unsuccessfully attempted to use other incidents in which Officer Bush was involved to establish that the City knew of his purported propensity for violence with his canine but failed to address it [Doc. 61, p.3].

The Court granted summary judgment in favor of the City and entered final judgment in favor of the City on January 17, 2023 [Docs. 93 and 94].

The City is entitled to an award of its attorneys' fees, including its expert fees, pursuant to the judgment entered by the Court, 42 U.S.C. § 1988(b) and Federal Rules of Civil Procedure, Rule 54(d)(2).

The fair estimate of the amount sought by the City is $158,049.00.

## MEMORANDUM OF LAW

42 USC 1988(b) provides that in any action or proceeding to enforce a provision of section 1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. The court may also include expert fees as part of the attorney's fee. 42 U.S.C. § 1988(c). Congress expressly conferred upon courts broad discretion when deciding of an award of fees. *See Tufaro v. Willie*, 756 F. Supp. 556 (S.D. Fla. 1991). The language of the statute does not distinguish between plaintiffs and defendants, stating only that "prevailing parties" may receive a reasonable attorney's fee. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

Notwithstanding the above, a defendant is not entitled to attorneys' fees under Section 1988 simply because it prevailed. A district court may in its discretion award attorney's fees to a prevailing defendant in §1983 action upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation, and that plaintiff continued to litigate his claim even after it clearly became so. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). A finding of bad faith is not necessary to award fees to a defendant, but such a finding provides an even stronger basis for charging the plaintiff

3

with attorney's fees. *Id*.

The Eleventh Circuit has identified several relevant factors for courts to consider on a § 1983 defendant's motion for fees, including "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits*.*" *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). In other words, the district court must focus on the question of whether the case is seriously lacking in arguable merit. *Id*. Here, all three factors are present and an award of fees to the City is appropriate.

At all stages of the litigation, it was clear that there was no evidence of a custom or policy of the City of a deliberate indifference to allegations of excessive force. Even if it was unclear at the inception of the case, discovery confirmed this fact. After 19 depositions, including each of the defendant officers, multiple eyewitnesses and use of force experts, there was still no evidence of any custom of permitting and encouraging excessive force. In fact, although Plaintiff argued in response to the City's motion for summary judgment that Mr. Uebelacker's deposition testimony established liability on behalf of the City, the Court disagreed and determined the opposite [Doc. 93, p.45-46]. There was simply no evidence of any longstanding custom of permitting and encouraging excessive force within the City K-9 unit [Doc. 93, p.46-47]. The Court also found that Plaintiff's ratification theory failed [Doc. 93, p. 47] and, importantly, that Plaintiff failed to meet the final element needed to subject the City to liability under § 1983: causation [Doc. 93, p.48]. At no time throughout the case did Plaintiff ever

4

remotely come close to putting forth sufficient evidence for imposing liability against the City under § 1983. He did not establish a prima facie case for liability, the City made unaccepted offers to settle and the claim against the City was decided final to a trial. As such, the City is entitled to an award of attorney's fees.

The Eleventh Circuit has concluded that determinations regarding frivolity are to be made on a case by case basis, and the court noted that cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment. *Sullivan,* 773 F.2d at 1189 (citations omitted). Based on the facts, coupled with the Court's granting of the City's Motion for Summary Judgment, the City asserts that Plaintiff's § 1983 claim was frivolous, groundless, or brought to harass the defendant. Under these such circumstances, an **award of attorney's fees** based on the federal statute, 42 U.S.C. § 1988, is appropriate.

The calculation of reasonable attorney's fees is also clearly within the sound discretion of the trial judge. *Dowdell v. City of Apopka,* 698 F.2d 1181, 1187 (1983). The City respectfully requests this Court allow for supplemental submissions of proof as to the number and reasonableness of hours in the event the Court determines the City to be entitled to fees. The City further requests the opportunity to seek any fees incurred in responding to any post judgment motions filed by the Plaintiff.

## CONCLUSION

WHEREFORE, the City of North Port respectfully requests this Court grant its Motion for Entitlement to Attorney's Fees and award Defendant, City of North Port, its fees incurred since the inception of the case, including expert fees, in an amount to

be determined upon subsequent motion and grant Defendant the right to submit supplemental proof as to the reasonableness of the hours and rates of attorney's fees incurred by the City and allow the City to submit proof of additional fees incurred as a result of any post judgment motions and appeals filed by the Plaintiff, and any further or alternative relief as the Court may deem just and proper.

## CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the City attempted to confer with Plaintiff's counsel on January 31, 2023, in a good faith effort to resolve the issues raised in this Motion. At this time, counsel for the City has been unable to determine whether Plaintiff's counsel has any objection to the relief requested in this motion. Counsel for the City will continue attempts to confer with counsel for Plaintiff and will supplement this certification in accordance with Local Rule 3.01(g) promptly after contact or within three days.

Dated: January 31, 2023

*/s/ Jamie A. Kilpatrick*

**JAMIE A. KILPATRICK, ESQ.**
Fla. Bar No. 103267
**BRYANT MILLER OLIVE P.A.**
One Tampa City Center, Suite 2700
Tampa, FL 33602
(813) 273-6677; (813) 223-2705 (Fax)
jkilpatrick@bmolaw.com
nakins@bmolaw.com
cmiller@bmolaw.com

**DENISE M. HEEKIN, ESQ.**
Fla. Bar No. 892998
**BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, FL 33131
(305) 374-7349; (305) 374-0895 (Fax)

dheekin@bmolaw.com<br>
bramirez@bmolaw.com<br>
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via electronic email, on January 31, 2023, on all counsel or parties of record on the Service List below.

/s/ Jamie A. Kilpatrick<br>
Jamie A. Kilpatrick, Esq.

## SERVICE LIST

J. Alistair McKenzie, Esquire
McKenzie Law Firm, P.A.
905 E. Hatton Street
Pensacola, FL 32503
amckenzie@mckenzielawfirm.com
*Attorney for Plaintiff*