UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW C. POULIN,

    Plaintiff,

v.                                                  Case No: 8:21-cv-1516-WFJ-AEP

KEITH BUSH, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on the Defendant City of North Port, Florida's (the "City") Motion for Attorneys' Fees. Dkt. 98. Plaintiff Matthew C. Poulin responded in opposition. Dkt. 103. Upon careful consideration, the Court denies the City's motion.

## BACKGROUND

In October 2017, Plaintiff sustained serious injuries from a K-9 during his arrest by six police officers (the "Defendant Officers") from the North Port Police Department. Dkt. 30 at 5−8; Dkt. 30-3. Plaintiff consequently initiated this action in June 2021, alleging that the Defendant Officers used excessive force in carrying out Plaintiff's arrest. Dkt. 1; Dkt. 30 at 12−27. Plaintiff also brought two claims against the City: negligent supervision under Florida law and a violation of 42

U.S.C. § 1983. Dkt. 30 at 27−33. Concerning the latter, Plaintiff asserted that the City had a custom or policy that caused its officers to use excessive force. *Id.* at 27−30.

The City and each of the Defendant Officers separately moved for summary judgment on Plaintiff's claims. Dkts. 56−61, 65. While the Court denied the Defendant Officers' motions, the Court granted the City's motion concerning Plaintiff's two claims against it. Dkt. 93. As a prevailing party, the City now moves for attorneys' fees pursuant to 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d)(2). Dkt. 98.

## ANALYSIS

Pursuant to § 1988, a district court has the discretion to award attorneys' fees to a prevailing defendant in a § 1983 action where the plaintiff's claim was "frivolous, unreasonable, or without foundation." 42 U.S.C. § 1988(b); *see Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Eleventh Circuit has identified four factors for district courts to consider when assessing a defendant's motion for attorneys' fees under § 1988: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial; and (4) whether there was enough support for the plaintiff's claim to warrant the court's close attention. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1301−02 (11th Cir. 2021)

(quoting *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Even if the first three factors favor the prevailing defendant, a court will not award attorneys' fees if the "particularly important" fourth factor is in the plaintiff's favor. *Id.* at 1302; *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181−82 (11th Cir. 2005).

Here, the Court need not consider the first three factors identified by the Eleventh Circuit, as the fourth factor is dispositive. *See Beach Blitz*, 13 F.4th at 1302. Though ultimately unsuccessful, Plaintiff's § 1983 claim warranted the close attention of the Court. To be sure, this was not a claim of obvious frivolity at the time of this action's initiation. *See, e.g.*, *PBT Real Estate, LLC v. Town of Palm Beach*, No. 19-11264, 2021 WL 5157999, at *3 (11th Cir. Nov. 5, 2021) (considering whether claim was obviously frivolous at time of filing when assessing fourth factor). Rather, Plaintiff supported his claim with multiple forms of evidence, thereby requiring ample briefing by the parties. *See* Dkts. 61, 75, 81. This is reflected in the Court's summary judgment order, in which the Court thoroughly assessed the parties' arguments and the adequacy of Plaintiff's evidence. Dkt. 93 at 40−48. A claim warranting such close review cannot be said to be frivolous, unreasonable, or without foundation. *See Beach Blitz*, 13 F.4th at 1302. Given Plaintiff's § 1983 claim was supported to the extent it required the Court's close attention, the City's Motion for Attorneys' Fees is due to be denied.

## CONCLUSION

Based on the foregoing, the City's Motion for Attorneys' Fees (Dkt. 98) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 27, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record